IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
John L. Kane

Civil Action No. 99-cv-00501-JLK

GREGORY ALAN JOHNSON,

    Plaintiff,

v.

LIEUTENANT HIJAR,

    Defendant.

_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

Kane, J.

On March 12, 1999, Plaintiff Gregory Alan Johnson was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Order Granting 28 U.S.C. § 1915 Motion (Doc. #2). The Order states in part:

> The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is granted. Plaintiff shall be required to pay the full amount of the required $150.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action.
>
> FURTHER ORDERED that the plaintiff shall pay an initial partial filing fee of $3.00. Plaintiff shall have (30) days from the date of this order in which to have the designated fee sent to the clerk of the court or show cause why he has no assets and no means by which to pay the designated initial partial filing fee. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement.

On April 20, 1999, Plaintiff was granted leave to proceed *in forma pauperis* without an initial partial filing fee payment, but was required to pay the full $150.00 filing fee through monthly payments pursuant to 28 U.S.C. § 1915(b). Order (Doc. #6). Section 1915(b) requires a prisoner "to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00, until such time as the filing fee is paid. 28 U.S.C. § 1915(b)(2). This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colorado Dept. of Corrections*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000).

In the March 12, 1999 Order granting plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed to either make the monthly payments required by Section 1915(b) or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. Order (Doc. #2) at 3.

By Order dated April 13, 2000 (Doc. #33), this case was administratively closed. It was reopened on Plaintiff's motion on January 8, 2008. *See* Order (Doc. #34).

In the period since the court reopened this case, Plaintiff has failed to make the required monthly payments towards the $150.00 filing fee or to show cause why he has

no assets and no means by which to make these monthly payments. Therefore, plaintiff must either make the required monthly payments or show cause why he cannot for the months of February, March, April, May, June, July, August and September 2008.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause. Such a procedure unreasonably burdens the court. Consequently, hereafter I require Plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

If Plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I may dismiss this case for failure to comply with this Order and with the March 12, 1999 Order allowing Plaintiff to proceed *in forma pauperis*.

Accordingly,

IT IS ORDERED that Plaintiff shall make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of February, March, April May, June, July, August and September, 2008.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter Plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order for the court to verify that the appropriate amount is being paid, Plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

DATED this 24th day of September, 2008.

BY THE COURT:

s/John L. Kane
John L. Kane, Senior Judge
United States District Court