IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 99-cv-501-JLK

GREGORY ALAN JOHNSON

Plaintiff,

v.

PERFECTO HIJAR,

Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective

Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of

Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.      In this action, at least one of the Parties has sought and/or is seeking Confidential

Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concerning

Confidential Information in the course of depositions.  The Parties assert the disclosure of such

information outside the scope of this litigation could result in significant injury to one or more of

the Parties business or privacy interests.  The Parties have entered into this Stipulation and

request the Court enter the within Protective Order for the purpose of preventing the disclosure

and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, file, portions of files,

transcribed testimony, or response to a discovery request, including any extract, abstract, chart,

summary, note, or copy made therefrom - not made available to the public - and designated by

one of the Parties in the manner provided in paragraph 3 below as containing:  personal and

proprietary information, contact information for current or former employees, current or former

inmates of the Department of Corrections, notes concerning investigations, surveillance or

security procedures within the Department of Corrections, private information concerning

sexuality and criminal history of Perfecto Hijar, Gregory Alan Johnson or any other inmates who

have made their own information public.

       3.      Where Confidential Information is produced, provided or otherwise disclosed by

a Party in response to any discovery request, it will be designated in the following manner:

          (a)     By imprinting the word "Confidential" on the first page or cover of any

              document produced;

          (b)     By imprinting the word "Confidential" next to or above any response to a

              discovery request; and

          (c)     With respect to transcribed testimony, by giving written notice to

              opposing counsel designating such portions as "Confidential" no later than

              ten calendar days after receipt of the transcribed testimony.

       4.      All Confidential Information provided by in response to a discovery request,

including subpoenas, or transcribed testimony shall be subject to the following restrictions:

          (a)     It shall be used only for the purpose of this litigation and not for any

              business or other purpose whatsoever;

          (b)     It shall not be communicated or disclosed by any Party's counsel in any

              manner, either directly or indirectly, to anyone except for purposes of this

              case and unless an affidavit in the form of Exhibit A has been signed.

          (c)     Counsel shall ensure that contact information for current or former

              Colorado Department of Corrections employees and volunteers will not be

disclosed to Plaintiff or Defendant.  Counsel shall also take reasonable

precautions to prevent the disclosure of this information to any other

current or former inmate of the Colorado Department of Corrections,

while remaining in compliance with the provisions of this Section 4.

5.      Individuals authorized to review Confidential Information pursuant to this

Protective Order shall hold Confidential Information in confidence and shall not divulge the

Confidential Information, either verbally or in writing, to any other person, entity or government

agency unless authorized to do so by court order.

6.      The Party's counsel who discloses Confidential Information shall be responsible

for assuring compliance with the terms of this Protective Order with respect to persons to whom

such Confidential Information is disclosed and shall obtain and retain the original affidavits

signed by qualified recipients of Confidential Information, and shall maintain a list of all persons

to whom any Confidential Information is disclosed.

7.      During the pendency of this action, opposing counsel may upon court order or

agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above

upon a showing of substantial need in order to establish the source of an unauthorized disclosure

of Confidential Information and that opposing counsel are unable otherwise to identify the

source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial

need, then counsel may seek a court order requiring inspection under terms and conditions

deemed appropriate by the Court.

8.      No copies of Confidential Information shall be made except by or on behalf of

counsel in this litigation and such copies shall be made and used solely for purposes of this

litigation.

9.      During the pendency of this litigation, counsel shall retain custody of Confidential

Information, and copies made therefrom pursuant to paragraph 8 above.

10.     If opposing counsel objects to the designation of certain information as

Confidential Information, he or she shall promptly inform the other parties' counsel in writing of

the specific grounds of objection to the designation.  All counsel shall then, in good faith and on

an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel

are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent

with this order.  Any motion for disclosure shall be filed within 14 days of receipt by counsel of

notice of opposing counsel's objection, and the information shall continue to have Confidential

Information status from the time it is produced until the ruling by the Court on the motion.

11.     In the event Confidential Information is used in any court filing or proceeding in

this action, including but not limited to its use at trial, it shall not lose its confidential status as

between the parties through such use.  Confidential Information and pleadings or briefs quoting

or discussing Confidential Information will not be accepted for filing "under seal" or otherwise

kept out of the public record in this action, however, except by court order issued upon motion of

the party seeking to file the documents under seal.  Any motion requesting leave to file

documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and

demonstrate that the Confidential Information at issue is entitled to protection under the

standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602

(1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal

Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12.     The termination of this action shall not relieve counsel or other persons obligated

hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated:  April 24, 2009

BY THE COURT:


*S/John L. Kane*
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

**STIPULATED AND AGREED BY:**

Gregory Johnson                              *s/ David A. Tonini*

Party                                        Counsel

Perfecto Hijar                               *s/ Scott Sandberg*

Party                                        Counsel

**EXHIBIT A**

**<u>AFFIDAVIT</u>**

STATE OF _____          )
                                    )  ss.
COUNTY OF                           )

_____, swears or affirms and states under penalty of perjury:

　　　　1.　　　　I have read the Protective Order in *Johnson v. Hijar*, Case No. 99-cv-501-JLK, a copy of which is attached to this Affidavit.

　　　　2.　　　　I have been informed that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

　　　　3.　　　　I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

　　　　4.　　　　For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

　　　　5.　　　　I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (\_\_\_) _____

SUBSCRIBED AND SWORN to before me this \_\_\_\_\_day of _____, 20\_\_, by _____.

WITNESS my hand and official seal.

_____

Notary Public

[S E A L]

My Commission Expires: